[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR CONTEMPT
 I
The plaintiff moves for a finding of contempt in this case because CT Page 6409-k fellow counsel did not provide certain documents. There was some uncertainty as to a prior judge's order and the plaintiff first sought production by way of a motion for contempt dated October 23, 2001. Defendant objected in writing, arguing in part, that the judge's order did not cover the production of documents and thus must be denied. This court ordered the plaintiff to provide a transcript of the prior hearing and took no further action.
On December 10, 2001. the plaintiff filed a second motion for contempt "for its failure to comply with the terms of the agreement of the parties. . . ." The motion included an affidavit from the plaintiffs attorney which stated, in part, that "[a]t the time of said visit the plaintiff requested of the defendant, and the defendant agreed to provide, written documents . . . as well as copies of, any and all operating manuals. Said agreement is more specifically set out in a letter from counsel dated July 18. 2001." The plaintiff attached said letter to the motion. It simply states: "[t]hank you for your cooperation yesterday with respect to the inspection at H.O. Penn Machinery. Please provide me with all written documents that accompanied the sale of the `lift' involved as well as copies of any and all operating manuals."
On January 7, 2002, this court held a hearing on the motion and was told by the defendant's attorney that she believed she could get the documents and forward them to plaintiffs attorney. This court noted that "Defendant to call client to request documents."
The documents were not forthcoming. On March 5, 2002, the plaintiff filed its third motion for contempt, this time arguing that this court had ordered the defendant to produce the materials on January 7, 2002. Moreover, he maintained that while the defendant's counsel had advised him that no records existed, she would continue to investigate whether such documents existed. Despite that statement and further correspondence by the plaintiff's attorney, no response was forthcoming. The defendant now objects to this third motion arguing first, that no order has been violated and second, that she has been unable to find any further documentation. Accordingly, she argues that she has fully complied with the first discovery order, as well as "the informal discussion of the last oral argument."
 II
This case is about civility, common courtesy, and good will to fellow practitioners. It should not have been necessary to file these motions. A simple phone call or letter could or should have resolved the confusion CT Page 6409-l over the documents. While there was some uncertainty over the first order and whether the granting of the bill of discovery included a review of documents. once the agreement had been made to inquire (and produce), common courtesy required a response. It appears this last motion was filed because the defendant's attorney did not respond to the simple but appropriate request: "Thank you for your January 7th letter. Has your client communicated the results of its search for operating manuals to you? If so, do they have anything I may review? Thank you for your ongoing cooperation in this matter."
We spend much time discussing the issue of civility in our profession and in our courts. It appears that lack of civility leads to motions for contempt. Fortunately, at least in this court's experience, this is the exception and not the rule. Nevertheless, these discovery issues should not now be extant.
The granting of a motion for contempt is not an act to take lightly,Jackson v. Bailey, 221 Conn. 498, 512, 605 A.2d 1350 (1992) and is an enforcement tool not required to resolve the dispute in this case. Moreover, in light of the response that no documents exist, this court will not grant the motion. However, the defendant's attorney must remember that her word, like that of any other attorney, is her bond and that when she gives that word to another attorney, let alone this court, she must keep that promise. Additionally, there is no place in the process for rudeness. Lawyers must be civil to each other in all of their dealings. "Civility and courtesy are the hallmarks of professionalism and should not be equated with weakness." Principles of Professionalism, Connecticut Bar Association House of Delegates, June 6, 1994. As Chief Justice Warren Burger noted: "[l]awyers who know how to think but have not learned how to behave are a menace and a liability not an asset to the administration of justice. . . . I suggest the necessity for civility is relevant to lawyers because they are living exemplars — and thus teachers — every day in every case in every court; and their worst conduct will be emulated . . . more readily than their best." D. Hubert, "Competence, Ethics and Civility as the Core of Professionalism: The Role of Bar Associations and the Special Problems of Small Firms and Solo Practitioners," Teaching and Learning Professionalism Symposium proceedings, American Bar Association (1996), at 113.
The motion for contempt is denied.
 ___________________ Berger, J.
CT Page 6409-m